# ORIGINAL

## In the United States Court of Federal Claims   **FILED**

No. 14-389 C

(Filed January 13, 2015)

JAN 1 3 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN C. BRISBIN, INDIVIDUALLY, AND DBA CONSTRUCTION DEVELOPMENT SYSTEMS, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

Contract Disputes Act; Statute of Limitations; Transfer Statute (28 U.S.C. § 1631).

*John C. Brisbin,* Fresno, CA, *pro se* plaintiff.

*Lauren S. Moore*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom appeared *Joyce R. Branda*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Donald E. Kinner*, Assistant Director, for defendant. *David Sett*, Division Counsel, Federal Highway Administration, United States Department of Transportation, of counsel.

## OPINION

**Merow**, *Senior Judge*

Plaintiff filed his complaint with this court on May 6, 2014, alleging that the government breached a contract relating to plaintiff's road work in Sequoia and Kings Canyon National Parks. *See* Doc. 1, ¶ 5. In the complaint, plaintiff alleges $823,548.83 in damages. *See id.*, ¶ 10.

This is the second complaint plaintiff has filed for the alleged breach. The first case was filed in the United States District Court for the Eastern District of California, on May 13, 2013. *See* Case No. 1:13-cv-699, Doc. 1. The district court held that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), deprived it of jurisdiction because plaintiff's claim exceeded $10,000, and dismissed the case on March 12, 2014. *See* Case No. 1:13-cv-699, Doc. 20. As the district court explained, the "complaint alleges more than $10,000 in damages based on the Government's

breach of a contract with Mr. Brisbin and reveals that exclusive jurisdiction over its claims is with the Federal Claims Court." *Id.* at 5.  In its order dismissing the case, the district court did not discuss the propriety of transferring the case to this court. *See id.*

Plaintiff now seeks relief in the proper court, but the government has filed a motion to dismiss for lack of subject matter jurisdiction alleging that the instant case is untimely. *See* Doc. 4.

## I.   PLAINTIFF'S CLAIMS TO THE CONTRACTING OFFICER

Plaintiff submitted five claims to the contracting officer relating to contract modifications during the course of performance, and the contracting officer issued separate decisions on each. *See* Doc. 4 at 2.  The contracting officer issued a decision on plaintiff's February 8, 2010 claim on May 5, 2010, *see* Doc. 4, App. at 23-28; plaintiff's February 9, 2010 claim on March 10, 2010, *see* Doc. 4, App. at 29-36; plaintiff's March 25, 2010 claim on June 3, 2010, *see* Doc. 4, App. at 37-45; plaintiff's July 6, 2011 claim on May 3, 2012, *see* Doc. 4, App. at 46-103; and, plaintiff's September 11, 2012 claim on November 29, 2012, *see* Doc. 4, App. at 104-112.

## II.   THE STATUTE OF LIMITATIONS UNDER THE CONTRACT DISPUTES ACT

### A.   Plaintiff did not file his claims in this court within the statutory 12-month period.

The term of the contract governing disputes refers to 48 C.F.R. § 52.233-1, *see* Doc. 4, App. at 126, which states in subsection (a) that "[t]his contract is subject to 41 U.S.C. chapter 71, Contract Disputes," known as the Contract Disputes Act. The Contract Disputes Act gives plaintiff the election to bring a *de novo* action directly on the claim in this court "within 12 months from the date of receipt of a contracting officer's decision . . . ." *See* 41 U.S.C. § 7104(b)(3). This same 12-month limitation period is explicitly stated in each of the contracting officer's decisions in this case. *See* Doc. 4, App. at 27, 35, 45, 103, 112.

Plaintiff seems to argue that the 12-month statute of limitations began to run as to all of his claims on the date of the contracting officer's most recent decision, November 29, 2012. *See* Doc. 10 at 2 ("It was known, or should have been known to both parties that a Board Of Contract Appeals, or a Federal Court would refrain

from making a decision on any one of these issues regarding Payment until the Board or Court had been assured that all outstanding issues relating to Payment under this Contract had been submitted for their determination.") (emphasis in original); *see id.* at 6 (noting that the most recent decision from the contracting officer "enumerated all of the previously submitted Claim Issues").   The government counters that the statute of limitations began as to each claim at the time the individual claim was decided. *See* Doc. 11 at 5-6.

These divergent approaches to calculating the statute of limitations would have had a material impact on the plaintiff's case had it been properly before the district court.   Under plaintiff's methodology, all of his claims for relief in the district court were timely, since he filed the complaint in that court approximately five and half months after the contracting officer's most recent decision.   Under the government's methodology, plaintiff would be permitted to challenge only the contracting officer's decision on his September 11, 2012 claim.

The court need not resolve this issue, however, because even under the plaintiff's reasoning, all of his claims were filed in this court outside the 12-month period.   The most recent decision from the contracting officer, on November 29, 2012, was issued more than 17 months before the instant complaint was filed on May 6, 2014.   And when a complaint is filed outside the statute of limitations, the court is deprived of jurisdiction. *Renda Marine, Inc. v. United States*, 71 Fed. Cl. 782, 789 (2006) ("Timely filing provides the court with the requisite jurisdiction to allow adjudication of the claim.") (citing, *inter alia, Krueger v. United States,* 26 Cl. Ct. 841, 844 (1992) ("If the contractor does not begin an action within one year of the receipt of the final decision by the contracting officer, the Claims Court lacks the requisite jurisdiction to entertain the claim, and the contracting officer's decision is final and conclusive.")).

## B.   The statute of limitations was not tolled by the district court action.

Plaintiff seems to suggest that his complaint should survive the motion to dismiss despite having filed it more than 12 months after the contracting officer's most recent decision because the statute of limitations was tolled while the first case was pending before the district court. *See* Doc. 10 at 5.   Plaintiff's case was pending before the district court for approximately 10 months, from May 13, 2013 until March 12, 2014. *See* Case No. 1:13-cv-699, Docs. 1, 20.   If the statute of limitations was tolled for that 10-month period, at least plaintiff's challenge to the

contracting officer's decision rendered on November 29, 2012 would be timely here.

Plaintiff bases his argument on 28 U.S.C. § 1500, which provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

While the court appreciates the appeal of plaintiff's argument, Federal Circuit precedent does not support his position. In *UNR Industries, Inc. v. United States*, the Circuit reviewed the history and interpretation of section 1500 at length. *See* 962 F.2d 1013 (1992). The court concluded that the purposes of section 1500 are "to force an election of forum and to prevent simultaneous dual litigation against the government." *See id.* at 1021. Allowing plaintiff to file a successive suit in this court runs contrary to the purpose of forcing plaintiffs to choose between suing in this court or another.

In addition, the existence of the transfer statute, 28 U.S.C. § 1631, supports this conclusion. Section 1631, "Transfer to cure want of jurisdiction," provides:

Whenever a civil action is filed in a court . . . and that court finds that there is want of jurisdiction, the court shall, if it is the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

As the court in *UNR Industries* observed, this mechanism for transfer helps to mitigate the potentially harsh consequences of filing in the wrong court. *See* 962 F.2d at 1022.

The court, therefore, concludes that the 12-month statute of limitations was not tolled while plaintiff's suit was pending in the district court and the Court of Federal Claims does not have the requisite jurisdiction over this successive suit.

## III.   TRANSFER FROM THE DISTRICT COURT

In response to the government's motion to dismiss, plaintiff also notes that he chose to file in the district court after considering section 1631, governing the transfer of improperly filed cases (quoted above). *See* Doc. 10 at 4. While it may have been advisable for plaintiff to move the district court to transfer the case, his reliance on the legal operation of this section was not altogether illogical. The Ninth Circuit has held that section 1631 is mandatory in nature. *See Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir. 1989). The court explained: "Once the district court has determined that it lacks jurisdiction, but that another federal court has authority to hear the case, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be in the interest of justice." *See id.* (internal citations omitted).

The district court did not discuss the possibility of transferring the case to this court, and instead, simply dismissed the case. *See* Case No. 1:13-cv-699, Doc. 20 at 5. Deciding whether the district court erred in dismissing the case without considering a transfer, however, is no more within this court's purview than are plaintiff's untimely claims. If plaintiff wishes to have the district court transfer the case to this court, he must file a motion for relief from a judgment or order with the district court pursuant to Federal Rule of Civil Procedure 60, and ask the district court to do so.

## IV.   CONCLUSION

For the foregoing reasons, the government's motion is **GRANTED**, and this case is **DISMISSED**.

**SO ORDERED.**

James F. Merow
Senior Judge